UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JENNY LYNN DODGE,

                        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

Case # 18-CV-6086-FPG

DECISION AND ORDER

Plaintiff Jenny Lynn Dodge brings this action pursuant to the Social Security Act seeking review of the denial of her Supplemental Security Income ("SSI") application. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 16. For the reasons that follow, Dodge's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On August 1, 2014, Dodge protectively applied for SSI with the Social Security Administration ("the SSA"). Tr. 179-84.[1] She alleged that she had been disabled since December 12, 2008 due to post-traumatic stress syndrome, anxiety, panic, attention deficit disorder, bipolar disorder, and agoraphobia. Tr. 192, 196. On August 2, 2016, Dodge and a vocational expert ("VE") testified at a hearing before Administrative Law Judge Yvette N. Diamond ("the ALJ"). Tr. 49-91. On August 18, 2016, the ALJ issued a decision finding that Dodge was not disabled within the meaning of the Act. Tr. 29-44. On November 29, 2017, the Appeals Council denied

---

[1] References to "Tr." are to the administrative record in this matter.

1

Dodge's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. See Parker v. City of New York, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. See 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. Id. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). Id. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. Id. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. See id. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. Id. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. Id. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. Id. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. See Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); see also 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Dodge's claim for benefits under the process described above. At step one, the ALJ found that Dodge had not engaged in substantial gainful activity since the application date. Tr. 34.

At step two, the ALJ found that Dodge has the following severe impairments: sacroiliitis, osteoarthritis, fibromyalgia, migraines, asthma, obesity, bipolar disorder, Attention-

deficit/hyperactivity disorder, PTSD, and cannabis abuse. Tr. 34. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. *Id.*

Next, the ALJ determined that Dodge retained the RFC to perform light work[2] with additional physical limitations. Tr. 36-42. Specifically, the ALJ found that Dodge can lift and carry twenty pounds occasionally and ten pounds frequently; can stand, walk, and sit for six hours total in an eight-hour workday; can climb stairs, balance, stoop, kneel, crouch, and crawl, but cannot climb ladders; and can frequently handle and finger and occasionally reach overhead. The ALJ further found that Dodge requires the option to stand for forty-five minutes and sit for fifteen minutes throughout the workday; cannot have concentrated exposure to extreme cold or respiratory irritants and cannot have any exposure to hazards; and is limited to routine tasks and occasional contact with supervisors and coworkers, but no contact with the public. Tr. 37.

At step four, the ALJ noted that Dodge has no past relevant work. Tr. 42. At step five, the ALJ found that Dodge can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 42-43. Specifically, the VE testified that Dodge could work as a marking clerk, routing clerk, and a mail sorter. Tr. 43. Accordingly, the ALJ found Dodge not disabled.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

## II. Analysis

Dodge argues that the ALJ's physical RFC assessment lacks substantial evidence because the ALJ rejected the only medical opinion in the record as to Dodge's physical limitations.[3] ECF No. 11-1 at 17-22. The Court agrees.

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely diagnose [the] claimant's . . . impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself." *Id.* (citation omitted).

Here, the only medical opinion in the record came from consultative examiner Dr. Seema Khaneja, who opined that Dodge has "moderate limitations with respect to activities requiring prolonged sitting, standing, walking, repetitive bending, turning, twisting, reaching, pulling, pushing, lifting or carrying heavy objects, kneeling, squatting, or repetitive fine motor activity involving the use of both hands." Tr. 683. The ALJ gave Dr. Khaneja's opinion limited weight, finding that it was vague and inconsistent. Tr. 40. Nevertheless, the ALJ crafted a detailed RFC that included a specific sit/stand option and other functional findings that either conflicted with or were not addressed in Dr. Khaneja's opinion.

---

[3] Dodge advances other arguments that she believes warrant reversal of the Commissioner's decision. ECF No. 8-2 at 22-25. However, because the Court disposes of this matter based on the improper physical RFC determination, those arguments need not be reached.

The ALJ appears to have based her RFC on her own lay opinion of the raw medical data. Her decision included eight paragraphs discussing the medical evidence in the record before even reaching the opinion evidence, and some of these paragraphs concluded with functional findings based on that medical data. For example, in one paragraph, the ALJ summarized the medical evidence and concluded that "[d]ue to her back and joint pain, the claimant can occasionally perform postural activities such as kneeling and crawling, and cannot work atop ladders. She also requires an option to sit after forty-five minutes of standing." Tr. 39. But an ALJ is not a medical professional and "[i]t is well settled that judges are 'not allowed to "play doctor" by using their own lay opinions to fill evidentiary gaps in the record.'" *McGlothin v. Berryhill*, No. 1:17-CV-00776-MAT, 2019 WL 1499140, at *5 (W.D.N.Y. Apr. 4, 2019) (quoting *Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010) (unpublished opn.)). Accordingly, the Court finds that remand is warranted.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 30, 2019
 Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court